## STATE v. CRAM.

Laws 1903, p. 250, c. 190, § 7, makes it a misdemeanor to peddle without a license, and imposes a fine for so doing. Rev. Pen. Code, § 3, defines a public offense as an act or omission forbidden by law, punishable by fine, etc. Rev. Code Civ. Proc. § 15, defines a criminal action as one prosecuted by the state against a person charged with a public offense for the punishment thereof. Rev. Code Cr. Proc. § 479, provides that the mode of review in criminal actions shall be by writ of error. *Held*, that a review of a conviction under Laws 1903, p. 250, c. 190, § 7, could only be had by writ of error, and not by appeal; the conviction being in a criminal action.

(Opinion filed, Oct. 24, 1905.)

Appeal from Circuit Court, Clay County. Hon. E. G. SMITH, Judge.

Charles D. Cram was acquitted of peddling without a license, and the state appeals. Dismissed.

*Philo Hall, Atty. Gen.* and *H. G. Tilton, State's Atty.*, for the State. *French & Orvis,* for respondent.

HANEY, J. The defendant was convicted and fined in justice's court for violating the peddler's license act. He appealed to the circuit court on questions of law alone, where the justice's judgment was reversed; and thereupon the state's attorney served upon defendant attorneys, and the clerk of the courts the following notice: "Take notice that the plaintiff, the state of South Dakota, in the

above-entitled action, appeals to the Supreme Court of said state from a judgment entered therein on the 5th day of March, 1904, in favor of the defendant and against the plaintiff, dismissing said action and reversing the judgment of the justice court."

The act under which the defendant was convicted provided that any person who should be found dealing as a peddler without having paid and received the license therein specified should be deemed guilty of a misdemeanor, and upon conviction thereof fined not less than $25 nor more than $100. Laws 1903, p. 250, c. 190, § 7. A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punishments: Death, imprisonment, fine, removal from office, or disqualification to hold and enjoy any office of honor, trust, or profit under this state. Rev. Pen. Code, § 3. Crimes are divided into felonies and misdemeanors. Id. § 4. A felony is a crime which is or may be punishable with death or by imprisonment in the state prison. Id. § 5. Every other crime is a misdemeanor. Id. § 6. An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Rev. Code Civ. Proc. § 12. A criminal action is one prosecuted by the state as a party against a person charged with a public offense for the punishment thereof. Id. § 15. Every other is a civil action. Id. § 16. This, then, is clearly a criminal action. As to such actions, this court has appellate jurisdiction only, and such jurisdiction can be acquired only in the manner prescribed by law. Const. art. 5, § 2; 2 Ency. Pl. & Prac. 24. The mode of review in criminal actions prescribed by our statutes is by writ of error. Rev. Code Cr. Proc. § 479 et seq. Where a writ of error is applicable, it is the exclusive mode of review in all civil and criminal cases, unless statutes provide otherwise. Unless there is some statute expressly allowing it, no appeal will lie. 2 Ency. Pl. & Prac. 30. We are aware of no statute which expressly or by implication allows a review of a criminal action in this court, otherwise than by writ of error.

This appeal is therefore dismissed.